UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

KENNETH EDMOND THOMAS, a/k/a
Peanut,
　　　　　*Defendant-Appellant.*

No. 02-4728

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-02-4-A)

Submitted: August 19, 2003

Decided: October 14, 2003

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew W. Greene, SMITH & GREENE, P.L.L.C., Fairfax, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Morris R. Parker, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Following a jury trial, Kenneth Edmond Thomas was convicted of conspiracy to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2000), and distribution of fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Thomas to concurrent 360-month prison terms. Thomas appeals, raising several grounds of error. Finding no merit to his claims, we affirm.

Thomas argues on appeal that the district court's voir dire concerning whether prospective jurors or members of their immediate families had any previous involvement with illegal drugs or illegal firearms improperly intimidated the jury. Without finding that an error in fact occurred, we conclude that Thomas invited any error when defense counsel asked the court to question the prospective jurors about whether their immediate families "ever had . . . drug or gun impact." Having invited such a line of questioning, Thomas cannot object because the court complied with his request. *United States v. Jackson*, 124 F.3d 607, 617 (4th Cir. 1997) ("invited error doctrine recognizes that a court cannot be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request") (internal quotation marks omitted).

Next, Thomas argues that the district court erred by denying his motion to suppress items seized in violation of his *Miranda** rights. When executing an arrest warrant for Thomas and a search warrant for documentary evidence of drug trafficking at his apartment, police questioned him about whether he had any drugs or weapons. Thomas directed the officers to a gun in a jacket pocket and 740 grams of cocaine in a bag on a high chair in the living room. It is undisputed

---

*Miranda v. Arizona*, 384 U.S. 436 (1966).

that the officers failed to advise Thomas of his *Miranda* rights before asking about the drugs and weapons. We find, however, that the district court properly held that the firearm found in the jacket was admissible under the public safety exception. *New York v. Quarles*, 467 U.S. 649, 659 n.8 (1984). We further find that the district court properly admitted the drugs on the high chair; we conclude that these drugs were admissible pursuant to the inevitable discovery doctrine because they would have been discovered by lawful means, namely during the course of the officers' search, pursuant to the search warrant, for documentary evidence of drug trafficking. *Nix v. Williams*, 467 U.S. 431, 444 (1984).

Thomas also challenges his sentence, asserting that the district court clearly erred by relying on the testimony of his co-conspirators in determining the drug quantities and types attributable to him. He argues that the co-conspirators' testimony was not credible and that the drugs about which they testified were not reasonably foreseeable to him. Both claims are without merit.

In reviewing sentences imposed under the United States Sentencing Guidelines, we must give due regard to the credibility determinations made by the district court and shall accept the findings of fact of the district court unless they are clearly erroneous. *United States v. Dean*, 140 F.3d 585, 591 (4th Cir. 1998). Based upon our review of the record, we conclude that the district court's determination of drug quantities was not clearly erroneous. The drug quantities for which the court held Thomas responsible were amounts of crack and powder cocaine his co-conspirators testified they bought from or sold to Thomas himself. Thus, these quantities were not just reasonably foreseeable to Thomas, they were actually known to him. *United States v. Williams*, 986 F.2d 86, 90 (4th Cir. 1993).

Finally, Thomas asserts that the district court erred in applying a two-level obstruction of justice enhancement, pursuant to *U.S. Sentencing Guidelines Manual* § 3C1.1 (2001). The district court's determination that a § 3C1.1 obstruction of justice enhancement applies is a factual finding that we review for clear error. *United States v. Dove*, 247 F.3d 152, 155 (4th Cir. 2001); *United States v. Castner*, 50 F.3d 1267, 1279 (4th Cir. 1995).

During the trial, one of Thomas' co-conspirators, Je Bradford, testified that while he and Thomas were in a holding cell together in the courthouse, Thomas expressed disbelief that Bradford would testify against him and remarked that Bradford's parents could "cancel Christmas." Bradford testified that he interpreted these remarks as a threat against his parents. Thomas asserts that the district court erred because Bradford's testimony was incredible and, in any event, even if he had threatened Bradford, Bradford was not intimidated because he in fact testified against Thomas. As previously stated, we give due regard to credibility determinations made by the district court. In addition, even though Thomas did not successfully obstruct justice, the import of his statement was clearly a threat and the guidelines expressly provide for the two-level adjustment if the defendant attempts to obstruct justice. USSG § 3C1.1 comment. (n. 4(a)). Accordingly, we find that the district court did not clearly err in applying the adjustment.

For these reasons, we affirm Thomas' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*